```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Civil No. 06-2447(DSD/SRN)
```

United States of America,

       Plaintiff,

v.                                               **ORDER**

$55,000.00 in United States
Currency from Safe Deposit Box
74 at Ridgedale State Bank,

       Defendant.

    James S. Alexander, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Deborah Kay Ellis, Esq., Ellis Law Office, 6 West Fifth Street, Suite 700, St. Paul, MN 55102, counsel for defendant.

This matter is before the court upon claimant's motion for summary judgment. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court denies claimant's motion.

**BACKGROUND**

This is an in rem forfeiture action commenced by plaintiff United States of America against defendant $55,000 in United States Currency from Safety Deposit Box Number 74 at Ridgedale State Bank, Ridgedale, Minnesota. In the complaint, plaintiff alleges that the defendant currency is subject to forfeiture pursuant to 21 U.S.C.

§ 881(a)(6) because the $55,000 is traceable to violations of 21 U.S.C. § 841.[1] Claimant Benjamin Lawrence Gates timely filed a verified statement of ownership interest in the defendant currency and opposes its forfeiture. Gates now moves for summary judgment on the basis that the warrant authorizing the search of the Ridgedale safety deposit box was not supported by probable cause and therefore the $55,000 was seized in violation of Gates's Fourth Amendment right to be free from unreasonable search and seizure.

On December 28, 2005, Gates sold a one-half ounce of marijuana to a confidential informant. Authorities arrested Gates shortly thereafter and charged him with felony fourth degree sale of a controlled substance. See Minn. Stat. §§ 152.024 subd. 1(4), 3(a), 609.101 subd. 3. Prior to arranging the controlled buy, a confidential informant told law enforcement that the informant had purchased marijuana from Gates on prior occasions. During recorded phone calls, Gates arranged the sale of the marijuana to the informant and instructed the informant to meet Gates at a certain location where he would be driving a white Mercedes Benz. At the

---

[1] The civil forfeiture statute authorizes the government to commence forfeiture actions against, inter alia, all money furnished or intended to be furnished in exchange for illegal drugs, all drug proceeds and all money intended to be used to facilitate drug trafficking. See 21 U.S.C. § 881(a)(6); United States v. $84,615 in U.S. Currency, 379 F.3d 496, 501 (8th Cir. 2004).

2

time of Gates's arrest, the confidential informant possessed 14 grams of marijuana and Gates possessed 13.5 grams of marijuana, a scale and $180 in prerecorded buy money.

While in custody on December 28, following a reading and waiver of his Miranda rights, Gates admitted during a recorded interview that he sold the marijuana to the informant.  Gates further told officers that he obtained the marijuana from his personal residence and that he had an additional ounce of marijuana at his home.  While being booked, Ridgedale police officers seized from Gates an envelope that contained two keys to a safety deposit box at the Ridgedale State Bank.  Based on the information provided by Gates, Ridgedale police officers obtained a narcotics search warrant from a Hennepin County district court judge to search Gates's residence, but officers did not discover any of the items sought in the search warrant.

Ridgedale Police Officer Matt Steen worked with the confidential informant and was involved in the investigation of Gates, the interviews of Gates and the application for the search warrant of Gates's residence.  Officer Steen learned from a drug task force team that a prior controlled buy of marijuana was made from Gates on January 21, 2004.  In addition, Officer Steen learned that state authorities arrested Gates on May 7, 2004, and charged with a felony fifth degree controlled substance offense for possession of 63.37 grams of marijuana.  On December 29, 2005,

Officer Steen applied for a second warrant to search the safety deposit box under Gates's control at the Ridgedale Bank.  Steen included the following information in his affidavit supporting his warrant application: (1) a recitation of the information conveyed to law enforcement by the confidential informant prior to the December 28 controlled buy, (2) the facts surrounding the December 28 controlled buy, (3) the contents of Gates's interview with law enforcement, (4) Gates's prior fifth degree drug offense conviction and prior participation in an unrelated controlled buy, (5) the unsuccessful search of Gates's home residence, (6) that Gates was in possession of two safety deposit box keys when he was booked on the fourth degree drug charge and (7) Officer Steen's opinion based on training and experience that narcotics dealers often use bank accounts and safety deposit boxes to conceal and launder illicit proceeds.

A Hennepin County district court judge issued a warrant to search the Ridgedale safety deposit box based on Officer Steen's affidavit.  The results of the search included the defendant currency.  Specifically, the deposit box contained three unmarked envelopes containing $15,000, $21,700 and $13,300 in cash and one envelope with the name "Ben Gates" handwritten on the outside that contained an additional $5,500 in cash.

Gates pleaded guilty to the fourth degree controlled substance offense in Hennepin County District Court, and the defendant

currency was turned over to the United States authorities for civil forfeiture. On June 15, 2006, the government filed a complaint for forfeiture. Claimant now moves for summary judgment on the basis that the currency was seized in violation of the Fourth Amendment. According to claimant, if all evidence of the currency seized is suppressed, summary judgment in his favor is warranted because the government would be unable to meet its burden of proof that the defendant currency is subject to forfeiture.

## DISCUSSION

### I. Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. Id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in the light most favorable to the nonmoving party.

5

Id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324.

## II. Probable Cause

To establish that funds are subject to civil forfeiture under 21 U.S.C. § 881(a)(6), the government has the initial burden to establish by a preponderance of the evidence that the property is subject to forfeiture. See 18 U.S.C. § 983; United States v. Real Prop. Located at 3234 Wash. Ave., 480 F.3d 841, 842-43 (8th Cir. 2007) (civil forfeiture proceedings subject to Civil Asset Forfeiture Reform Act of 2000). However, the evidence relied upon by the government is subject to the exclusionary rule, a mechanism designed to enforce the Fourth Amendment's guarantee to be free from unreasonable searches and seizures. See United States v. $404,905.00 in U.S. Currency, 182 F.3d 643 (8th Cir. 1999) (exclusionary rule applies in "quasi-criminal" civil forfeiture proceedings).

"To be valid under the Fourth Amendment, a search warrant must be supported by a showing of probable cause," which exists if "under the totality of the circumstances, a showing of facts can be made sufficient to create a fair probability that evidence of a crime will be found in the place to be searched." United States v. Summage, 481 F.3d 1075, 1077 (8th Cir. 2007) (internal quotations

6

omitted); see also Illinois v. Gates, 462 U.S. 213, 238-39 (1983). In determining whether probable cause to issue a search warrant exists based on facts that are set forth in a supporting affidavit, an issuing judge "may draw reasonable inferences from the totality of the circumstances." Summage, 481 F.3d at 1077 (internal quotations omitted). Once a judge issues a search warrant based upon a finding that probable cause exists, that determination is entitled to "great deference." United States v. Proell, 485 F.3d 427, 430 (8th Cir. 2007) (internal quotations omitted). A reviewing court determines only whether there was a "substantial basis" for the issuing judge to conclude that probable cause existed. Gates, 462 U.S. at 238.

In this case, the affidavit prepared by Officer Steen included more than his opinion based on experience that drug traffickers often use safety deposit boxes to conceal and launder drug profits. The affidavit set forth a direct nexus between the specific safety deposit box and the drug transaction for which Gates was arrested. At the time of Gates's arrest he possessed prerecorded drug money, marijuana, a scale and two safety deposit box keys. Further, Officer Steen recounted in detail the information conveyed to him by the confidential informant, the manner in which officers and the confidential informant verified Gates's identity prior to and during the controlled buy, Gates's history of participating in a prior controlled drug buy and prior conviction for felony drug

7

possession, Gate's admission that he possessed additional marijuana at his residence and the subsequent fruitless search of that residence.  Based on the information contained in Officer Steen's affidavit and the totality of the circumstances, a substantial basis existed to support the district court judge's conclusion that there was probable cause to search the safety deposit box. Therefore, suppression of the evidence seized from the safety deposit box is not warranted, and claimant is not entitled to summary judgment.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that claimant's motion for summary judgment [Doc. No. 24] is denied.

Dated:  July 17, 2007

s/David S. Doty
David S. Doty, Judge
United States District Court
